IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

WILLIAM W. AINSWORTH,

        Plaintiff,

v.                                         No. 15cv741 JCH/WPL

KELLY GOLIGHTLEY,

        Defendant.

**MEMORANDUM OPINION AND ORDER**
**DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* AND**
**DISMISSING COMPLAINT**

        **THIS MATTER** comes before the Court on *pro se* Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 3, filed August 24, 2015 ("Application"), and on his Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed August 24, 2015 ("Complaint").   For the reasons stated below, the Court will **DENY** Plaintiff's Application and **DISMISS** the Complaint **without prejudice**.   Plaintiff shall have 21 days from entry of this Order to pay the $400.00 fee[1] for instituting a new case or show cause why this case should not be dismissed without prejudice for failure to pay the fee.   Failure to timely pay the fee or show cause may result in dismissal of this case without prejudice.   Plaintiff shall have 21 days from entry of this Order to file an amended complaint.   Failure to timely file an amended complaint may result in dismissal of this case without prejudice.

**Application to Proceed *in forma pauperis***

        The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who

---

[1]  The fee for instituting any civil action, suit or proceeding is comprised of a $350.00 filing fee, *see* 28 U.S.C. §1914, and a $50.00 administrative fee.

submits an affidavit that includes a statement of all assets the person possesses and that the person

is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis,
> it should examine the papers and determine if the requirements of
> [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter,
> if the court finds that the allegations of poverty are untrue or that the action is
> frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58,

60 (10th Cir. 1962).   "[A]n application to proceed *in forma pauperis* should be evaluated in light

of the applicant's present financial status."   *Scherer v. Kansas*, 263 Fed.Appx. 667, 669 (10th Cir.

2008) (citing *Holmes v. Hardy,* 852 F.2d 151, 153 (5th Cir.1988)).   "The statute [allowing a

litigant to proceed *in forma pauperis* ] was intended for the benefit of those too poor to pay or give

security for costs...."   *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948).

While a litigant need not be "absolutely destitute," "an affidavit is sufficient which states that one

cannot because of his poverty pay or give security for the costs and still be able to provide himself

and dependents with the necessities of life."   *Id.* at 339.

Plaintiff signed an affidavit in support of his application in which he declares that he is

unable to pay the costs of these proceedings and declares under penalty of perjury that the

information regarding his income is true.   Plaintiff states that: (i) his monthly income is

$1,600.00; (ii) he has "minimal" cash and no money in bank accounts; (iii) he has no assets; and

(iv) he "only recently became employed."   Plaintiff did not write any amounts on the form for

expenses; instead he drew a vertical line through the boxes where he was to estimate his expenses.

The Court construes the vertical line as indicating no expenses.

The Court will deny Plaintiff's Application to Proceed in District Court Without Prepaying

Fees or Costs.   While the Court should not deny a person the opportunity to proceed under

28 U.S.C. § 1915(a) simply because he or she is not "absolutely destitute," the Court may deny

permission for a person to proceed IFP where his or her monthly income exceeds his or her

monthly expenses by a few hundred dollars.   *See Brewer v. City of Overland Park Police*

*Department*, 24 Fed.Appx. 977, 979 (10th Cir. 2002) (litigant whose monthly income exceeded his

monthly expenses by a few hundred dollars according to his own accounting appeared to have

sufficient income to pay filing fees, and, thus, was not entitled to IFP status).[2]   It appears that

Plaintiff is presently able to pay the $400.00 fee for instituting a new case because Plaintiff's

monthly income exceeds his monthly expenses by $1,600.00 by his own accounting.

Plaintiff shall have 21 days from entry of this Order to pay the $400.00 fee for instituting a

new case or show cause why this case should not be dismissed without prejudice for failure to pay

the filing fee.   Failure to timely pay the filing fee or show cause may result in dismissal of this

case without prejudice.

**Dismissal of Proceedings *In Forma Pauperis***

The statute governing proceedings *in forma pauperis* requires federal courts to dismiss an

*in forma pauperis* proceeding that "is frivolous or malicious; ... fails to state a claim on which

relief may be granted; ... or seeks monetary relief against a defendant who is immune from such

relief." *See* 28 U.S.C. § 1915(e)(2).   "Dismissal of a *pro se* complaint for failure to state a claim is

proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it

---

[2] At the time of the ruling in *Brewer*, the filing fee for the appeal was $100.00.   *See* 28 U.S.C.A. § 1913 (2001) Judicial Conference Schedule of Fees.   Brewer's monthly income exceeded his monthly expenses by $242.00.   *See* Appellant's Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees at 3-7, Brewer v. City of Overland Park Police Department, No. 01-3055 (10th Cir. May 11, 2001).

would be futile to give him an opportunity to amend."  *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).   "In determining whether a dismissal is proper, we must accept the allegations of the complaint as true and construe those allegations, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff."  *Kay v. Bemis*, 500 F.3d at 1217. The Court looks to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief, i.e. the factual allegations must be enough to raise a right to relief above the speculative level.  *See id.* at 1218 (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).   Dismissal of an *in forma pauperis* complaint as frivolous is not an abuse of discretion based on a determination that the *pro se* litigant did not state a viable legal claim and that the complaint consisted of little more than unintelligible ramblings.  *Triplett v. Triplett*, 166 Fed.Appx. 338, 339-340 (10th Cir. 2006).   However, "pro se litigants are to be given reasonable opportunity to remedy the defects in their pleadings."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 n.3 (10th Cir. 1991).

Plaintiff's Complaint is a form "Civil Rights Complaint Pursuant to 42 U.S.C. § 1983. Plaintiff states that Defendant was acting as counsel representing Plaintiff in a criminal case.  *See* Complaint at 1.   Plaintiff contends that Defendant "did not properly execute her duties as defense counsel," "failed to properly communicate the facts of his criminal case," "failed to inform plaintiff of plea offers, notices of motions and possible penalties," and failed to perform other duties.   Plaintiff also references a few New Mexico Rules of Professional Conduct regarding advertising, direct contact with prospective clients and firm names/letterheads, but does not allege any facts showing that those rules are relevant to the claims in his Complaint.

4

The Court will dismiss the Complaint without prejudice because Plaintiff fails to state a claim.   Plaintiff is suing Defendant pursuant to 42 U.S.C. § 1983.   Section 1983 only authorizes suits against persons acting under color of state law.   See McCarty v. Gilchrist, 646 F.3d 1281, 1285 (10th Cir. 2011)("Section 1983 provides a federal civil remedy for the deprivation of any rights, privileges, or immunities secured by the Constitution by any person acting under color of state law").   "[I]t is well established that neither private attorneys nor public defenders act under color of state law for purposes of § 1983 when performing their traditional functions as counsel to a criminal defendant. *Dunn v. Harper County*, 520 Fed.Appx. 723, 725-726 (10th Cir. 2013) (*quoting Polk County v. Dodson,* 454 U.S. 312, 325 (1981)).

Plaintiff may file an amended complaint within 21 days of entry of this Order.   Failure to timely file an amended complaint may result in dismissal of this case without prejudice.

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]").   28 U.S.C. § 1915(d).   Rule 4 provides that:

> At the plaintiff's request, the court may order that service be made by a United States marshal or deputy marshal or by a person specially appointed by the court. The court must so order if the plaintiff is authorized to proceed in forma pauperis under 28 U.S.C. § 1915 or as a seaman under 28 U.S.C. § 1916.

Fed. R. Civ. P. 4(c)(3).

The Court will not order service at this time.   The Court will order service if Plaintiff timely files an amended complaint which states a claim.   Plaintiff's amended complaint shall include the addresses of every defendant named in the amended complaint.

**IT IS ORDERED THAT** Plaintiff's Application to Proceed in District Court Without

Prepaying Fees or Costs, Doc. 3, filed August 24, 2015, is **DENIED.**

**IT IS ALSO ORDERED** Plaintiff's Civil Rights Complaint Pursuant to 42 U.S.C. § 1983, Doc. 1, filed August 24, 2015, is **DISMISSED without prejudice.** Plaintiff may file an amended complaint within 21 days of entry of this Order.

_____
**UNITED STATES DISTRICT JUDGE**